BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN RE:   Volkswagen "Clean Diesel" Marketing,  )
        Sales Practices, and Products          )   MDL No. 2672
        Liability Litigation                    )

**RESPONSE OF PLAINTIFFS WARREN MANUFACTURING INCORPORATED, WARREN TRUCK AND TRAILER INCORPORATED, WARREN INCORPORATED, AND WARREN TRUCK AND TRAILER LLC, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, TO MOTION FOR TRANSFER OF ACTIONS TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407**

COME NOW Interested Parties Warren Manufacturing Incorporated, Warren Truck and Trailer Incorporated, Warren Incorporated, and Warren Truck and Trailer LLC, through their undersigned counsel, to respond to the motion of Plaintiff Christopher J. D'Angelo for an order of the Judicial Panel on Multidistrict Litigation transferring and centralizing related actions in this matter pursuant to 28 U.S.C. § 1407.  Doc. 1.

Warren Manufacturing Incorporated, et al., are the plaintiffs in the first of twenty related actions listed by Plaintiff D'Angelo for transfer and centralization.  Doc. 3 (schedule of actions).  Their suit is Warren Manufacturing Incorporated, et al., v. Volkswagen Group of America, Inc., No. 2:15-cv-01655, pending in the U.S.D.C. for the Northern District of Alabama ("Warren Mfg.").  The complaint and docket sheet in it are exhibited with the motion for the MDL.  Doc. 1-4.

Undersigned counsel for the Warren Mfg plaintiffs also represents the plaintiffs in Pye Auto Sales, LLC, et al. v. Volkswagen Group of America, Inc., U.S.D.C. No. 1:15-cv-3349, pending in the Northern District of Georgia (filed 9/23/2015).  The Pye Auto Sales plaintiffs,

like the Warren Mfg. plaintiffs, sue Defendant Volkswagen Group of America, Inc. ("Volkswagen") over a "defeat device" on Volkswagen and Audi vehicles ("the suspect vehicles") which (1) caused the concealment of actual emissions, (2) constitutes fraud, and (3) has diminished the value of the plaintiffs' vehicles, causing losses to the plaintiffs. Pye Auto Sales will be noticed to the Panel shortly as potential tag-along action in the matter.

These Interested Parties agree with the movant that the related actions and tag-along actions should be centralized in a MDL for pretrial proceedings. They support the motion for that reason and to that extent. They disagree with the movant that the MDL should be assigned to the Central District of California. Instead, the cases should be transferred pursuant to 28 U.S.C. § 1407 and assigned to the Northern District of Alabama for coordinated pretrial proceedings, specifically before the Hon. R. David Proctor or the Hon. L. Scott Coogler. Both Judge Proctor and Judge Coogler preside in the Northern District of Alabama, and each of them has the requisite experience to preside in the MDL.

These points support this response:

1.   The Warren Mfg. plaintiffs plead a national class of owners of the suspect vehicles, as well as national classes of car dealers and vehicle fleet owners, plus sub-classes in Texas, Mississippi, and Alabama. Their complaint has class representative plaintiffs for each of those state sub-classes. They seek, as do the plaintiffs in the other related actions, relief for unjust enrichment, breach of warranty, fraud, breach of contract, and violations of state consumer laws.

2.   The related actions all involve, as alleged, a global auto manufacturer's

intentional deception of well-meaning, conscientious consumers and regulators, and its misguided plan to profit by gaming the system rather than playing by the rules. Discovery and related pretrial proceedings on those allegations would be more efficient and economical in a MDL, warranting transfer and centralization.

3.      The Warren Mfg. plaintiffs seek relief for all persons, fleet owners, and used vehicle dealers damaged by the Defendant's intentional and deceptive installation of so-called defeat devices on over 482,000 diesel Volkswagen and Audi vehicles sold in the United States since 2009. Those are the suspect vehicles. Volkswagen marketed the vehicles as environmentally-friendly cars that possessed the holy grail of automotive qualities: extremely high fuel efficiency and performance with very low emissions. Although the Defendant successfully marketed the cars as "green," the environmentally-friendly representations were a sham. Volkswagen did not actually make and sell cars with those desirable and advertised attributes. Discovery of that fact now has diminished the value of the vehicles, the injury the Plaintiffs allege.

4.      The defeat devices the Defendant designed and installed work by switching on the full emissions control systems in the suspect vehicles only when the car is undergoing periodic emissions testing. The technology needed to control emissions from the suspect vehicles to meet state and federal emissions regulations reduces their performance, limiting acceleration, torque, and fuel efficiency.

5.      The Pye Auto Sales plaintiffs, like the plaintiffs in Warren Mfg., sue on behalf of a national class. They also seek relief for sub-classes in South Carolina, including for a

sub-class of dealers in that state, and in Georgia and North Carolina. True of <u>Warren Mfg.</u>, their complaint has class representative plaintiffs for the sub-classes asserted.

6. Accordingly, undersigned counsel represents plaintiffs who are proposed as class representatives for all owners of suspect vehicles nationwide (including dealers, individuals, and fleet owners) and in five contiguous states of the Southeast (Mississippi, Alabama, Georgia, South Carolina, and North Carolina), plus Texas. The Defendant has major facilities in those states (in Georgia) and in the adjacent state of Tennessee. It is headquartered in Virginia. Siting the MDL in the Southeast, in the Northern District of Alabama specifically, would promote economy and convenience for those reasons -- for the parties, witnesses, counsel, and the judicial system. <u>See</u> 28 U.S.C. § 1407(a) (requiring a determination that transfer "will be for convenience of parties," among other reasons).

7. To the knowledge of the Interested Parties, related actions in the matter are pending in fourteen federal courts, more than is indicated by Plaintiff D'Angelo's schedule of actions (Doc. 3), and there are at least thirty-four such actions, more than the twenty listed on that schedule. Two cases are pending in the Northern District of Alabama (<u>Warren Mfg.</u> included); one case is pending in the Northern District of Georgia (<u>Pye Auto Sales</u>); thirteen cases are pending in the Central District of California; four cases are pending in the Northern District of California; two cases are pending in Southern District of California; two cases are pending in the Southern District of Florida; one case is pending in the Northern District of Illinois; two cases are pending in the District of Massachusetts; two cases are pending in the District of New Jersey: one case is pending in the Eastern District of New York; one case is

pending in the Northern District of Ohio; one case is pending in the District of Oregon; one case is pending in the Southern District of Texas; and one case is pending in the District of Utah.  Other related actions may be pending in federal courts, having been filed and docketed while this response was prepared, and it is likely that additional similar actions will be filed in or removed to federal courts in the future.

8. The distribution of the related actions across the country increases the importance of assigning the MDL to a metropolitan location which is geographically convenient and is easily and economically accessed.  In re Gator Corp. Software Trademark & Copyright Litig., 259 F. Supp. 2d 1378, 1380 (J.P.M.L. 2003).  The Northern District of Alabama and its home in Birmingham fulfill those requirements.

9. The Northern District of Alabama has ten judges, four of whom are senior status, and a full compliment of five magistrate judges.  It is not overtaxed with MDLs, another factor for selecting it.  In re Gator Corp. Software Trademark & Copyright Litig., ante.  The district presently has two MDLs (No. 2595, IN RE: Community Health Systems, Inc., Customer Data Security Breach Litigation, and No. 2406, IN RE: Blue Cross Blue Shield Antitrust Litigation).  Judge Proctor presides in No. 2406.

10. The Northern District of Alabama compares very favorably to other districts in terms of the speed in which it disposes civil cases. Exhibit 1 establishes that fact. It is a statistical report of the Administrative Office of the U.S. Courts entitled "U.S. District Courts -- Median Time Intervals From Filing to Disposition of Civil Cases Terminated, by District and Method of Disposition, During the 12-Month Period Ending March 31, 2014."  That

information signals that the MDL would progress expeditiously in the district.

11. Centralizing the related cases before Judges Proctor or Coogler and assigning the MDL to Birmingham, where the district's main courthouse is located, would continue the district's excellent track record in MDLs, a record distinguished by one of the largest-ever MDLs, In re Silicone Gel Breast Implants Products Liability, 793 F.Supp. 1098 (J.P.M.L. 1992). That MDL was assigned to the late Judge Sam Pointer, who managed it in masterly fashion. Other large MDLs involving actions transferred from around the country have been similarly resolved economically and expeditiously in the district. E.g., In re Chantix (Varenicline) Products Liability Litigation, MDL 2092. The district's bench remains extremely able and available for similar service.

12. Judge Proctor hears cases in Birmingham, which has a major airport located within the city limits minutes away from the federal courthouse. The airport serves several major airports across the country daily nonstop, and many daily direct flights to nearby Atlanta ensure convenient connections to cities not directly served by daily nonstop flights. The city is served by passenger rail and is a junction of multiple interstate highways.

13. Judge Proctor was in private practice from 1987-2003 where he gained significant trial experience and an understanding of complex civil litigation. Prior to that, he served as a law clerk to Hon. H. Emory Widener, Jr., U.S. Court of Appeals for the Fourth Circuit. From his commission in 2003 to today, Judge Proctor has effectively and efficiently managed large and complex civil litigation. The Panel, capitalizing on that experience, has

assigned a MDL to him before (No. 2406, cited above).[1] He possesses the qualifications to preside here.

14. The district has a new state-of-the art courthouse in Tuscaloosa, Alabama, http://www.hbra-arch.com/projects/governmental_tuscaloosa.html (accessed 9/24/2015), where Judge Coogler presides.

15. Judge Coogler received his commission in May, 2003, after several years of service as a circuit court judge. He has taught at the University of Alabama School of Law and, like Judge Proctor, has experience managing large and complex civil litigation. He possesses the qualifications to preside here.

## Conclusion

All related actions listed on the movant's schedule of actions (Doc. 3), as well as all subsequently filed related actions, should be transferred and centralized pursuant to 28 U.S.C. § 1407. The Northern District of Alabama should be the site of the MDL.

Respectfully submitted by:

/s/ W. Lewis Garrison, Jr.
W. Lewis Garrison, Jr.
HENINGER GARRISON DAVIS, LLC
2224 First Avenue North
Birmingham AL 35203
Main: (205) 326-3336
Fax: (205) 326-3332
wlgarrison@hgdlawfirm.com
*Attorney for Plaintiffs Warren Mfg. Inc., et al.*
(Warren Manufacturing Incorporated, et al., v.

---

1/ He also is a member of the MDL Panel.

Volkswagen Group of America, Inc., No. 2:15-cv-01655,<br>U.S.D.C. for the Northern District of Alabama)

### Proof of Service

I hereby certify that on this 24th day of September, 2015, a true and correct copy of the foregoing interested party response was served upon all interested parties and/or parties using the CM/ECF system:

/s/ W. Lewis Garrison, Jr.
W. Lewis Garrison, Jr.
HENINGER GARRISON DAVIS, LLC
2224 First Avenue North
Birmingham AL 35203
Main: (205) 326-3336
Fax: (205) 326-3332
wlgarrison@hgdlawfirm.com