**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE VOLKSWAGEN "CLEAN" DIESEL LIABILITY LITIGATION | MDL  DOCKET NO. 2672 |

**PLAINTIFFS BREWITT, THOMAS, SEKUL, AND ABDALLA'S BRIEF IN
SUPPORT OF MOTION FOR TRANSFER OF RELATED ACTIONS TO THE
EASTERN DISTRICT OF VIRGINIA, ALEXANDRIA DIVISION**

Pursuant to 28 U.S.C. § 1407 and Rule 6.2(a) of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation, Plaintiffs Peter Brewitt, Amy M. Thomas, Ronald Sekul, and Tom Assaf Abdalla (collectively, the "Alexandria Plaintiffs") respectfully urge the Panel to transfer all related cases to the United States District Court for the Eastern District of Virginia, Alexandria Division.

The Eastern District of Virginia (Alexandria Division) is the most appropriate transferee forum because (1) the principal defendants, Volkswagen Group of America and Audi USA, are headquartered in Herndon, Virginia, which is in the district; (2) Herndon and Washington D.C. will be the center of discovery in the consolidated or coordinated cases as Defendants are headquartered in Herndon and the corresponding federal investigation is based out of Washington D.C.; (3) Alexandria is a convenient location for all parties and counsel; (4) the Eastern District of Virginia (Alexandria Division) has the resources to efficiently manage this case; and (5) Judge Liam O'Grady, the judge to whom the Alexandria Plaintiffs' case has been assigned, is well suited to manage this complex case.

1

I.  BACKGROUND

As of the date of this motion, dozens of class action lawsuits have been filed on behalf of purchasers and lessors against Volkswagen AG and Volkswagen Group of America ("Volkswagen"), and Audi AG and Audi USA ("Audi") (collectively, "Defendants").

The cases ("Related Actions") are pending in the following districts:

| | |
|---|---|
| Alabama – Northern District | California – Central District |
| California – Eastern District | California – Southern District |
| Florida – Middle District | Florida – Southern District |
| Georgia – Middle District | Georgia – Northern District |
| Illinois – Southern District | Iowa – Southern District |
| District Of Kansas | Kentucky – Western District |
| District Of Massachusetts | Michigan – Eastern District |
| District Of New Jersey | District Of New Jersey |
| New York – Eastern District | North Carolina – Western District |
| Ohio – Northern District | District Of New Jersey |
| New York – Eastern District | North Carolina – Western District |
| Ohio – Northern District | Ohio – Southern District |
| Tennessee – Eastern District | Texas – Southern District |
| Utah – Central District | |

The Related Actions share common issues of fact and law.  All allege that Defendants installed software in roughly half-a-million vehicles enabling the vehicles to cheat and circumvent federal and state emissions tests. The software, or "defeat device" as it has been referred to, enables the vehicles to detect when they are being tested for emissions by state and federal authorities.  When this defeat device senses that authorities are testing the vehicle for emissions of regulated pollution-causing substances, it curtails the emissions, resulting in test results showing far less emissions than they would emit under normal driving circumstances. Each of the Related Actions asserts numerous

claims for violations of state consumer protection statutes and related common law causes of action. The Related Actions seek similar relief.

Volkswagen Group of America is a Delaware corporation headquartered in Herndon, Virginia, within the Eastern District of Virginia. Audi USA is a wholly owned subsidiary of Volkswagen AG, and is also headquartered in Herndon, Virginia.

## II.  ARGUMENT

**A.      Transfer Under 28 U.S.C. § 1407 Is Appropriate Here.**

Transfer and consolidation or coordination of the Related Actions for pretrial proceedings under 28 U.S.C. § 1407 is appropriate. Section 1407(a) permits transfer and consolidation or coordination of cases where: (1) the civil actions involve "one or more common questions of fact"; (2) transfer will serve "the convenience of parties and witnesses"; and (3) transfer "will promote the just and efficient conduct" of the civil actions. *See also In re Long-Distance Telephone Serv. Fed. Excise Tax Refund Litig.*, 469 F. Supp. 2d 1348, 1350 (J.P.M.L. 2006) (describing requirements). There can be little dispute that each of the requirements is met in the matter before the Panel.

**1.      The Related Actions Present Common Questions of Fact.**

Each of the related actions involves a nucleus of similar factual allegations that will underpin discovery and focus the pretrial proceedings. A sampling of the common questions of fact include:

- Whether Defendants' vehicles contain the software algorithm or defeat device that turns off emissions controls under normal driving conditions and turns on the controls when the vehicle is undergoing emissions testing;

- Whether the defeat device allows the vehicles to circumvent emissions tests;

> ➢ Whether Defendants know about the defeat device and, if so, how long they have known about the defeat device; and

> ➢ Whether the failure to disclose the existence of the defeat device constitutes the omission of a material fact;

Thus, the requirement under Section 1407 that the Related Cases present one or more common questions of fact is easily met in this matter.

### 2. The Convenience of Parties and Witnesses Is Facilitated by Transfer and Consolidation or Coordination

Transfer and consolidation or coordination of the Related Actions will markedly serve the convenience of the parties and witnesses in this matter. There are currently at least 35 Related Actions pending, and there is certainly a prospect of future tag-along actions. Absent transfer and consolidation or coordination, the parties to the Related Actions may be subject to duplicative discovery requests and inconsistent court orders pertaining to the pretrial proceedings. Likewise, individual witnesses may be subject to multiple depositions, interviews, and other pretrial proceedings. Transfer and consolidation or coordination obviates these concerns by limiting duplicative discovery and facilitating consistency before a single transferee court.

### 3. Transfer and Consolidation and Coordinate Promotes the Just and Efficient Conduct of these Related Actions.

Absent transfer and consolidation or coordination, there is a significant risk that litigation of the Related Actions will be anything but just and efficient. In litigating dozens of different cases involving the same factual and legal allegations, the parties face the prospect of district courts entering inconsistent rulings affecting discovery, class certification, and the ultimate disposition of the disputes. Severe inefficiencies would

likewise occur as the parties engage in duplicative discovery and motion practice. Under these circumstances, transfer and consolidation or coordination is not only preferable; it is essential to the just and efficient litigation of the parties' disputes.

**B.     The Related Actions Should Be Transferred to the Eastern District of Virginia (Alexandria Division).**

The United States District Court for the Eastern District of Virginia (Alexandria Division) is the most appropriate district for transfer and consolidation or coordination of the Related Actions and any tag-along cases based on factors the Panel typically considers in settling on a transferee court. These factors weigh heavily in favor of transfer to the Eastern District of Virginia because (1) the principal United States defendants are *all* located in the District; specifically, Herndon, Virginia; (2) the Eastern District of Virginia will be the center of discovery in the consolidated or coordinated cases; (3) Alexandria is conveniently located for all parties and counsel; (4) the Eastern District of Virginia (Alexandria Division) has the resources to efficiently manage this case; (5) Judge Liam O'Grady, the judge to whom the Alexandria Plaintiffs' case has considerable experience handling complex cases; and (6) there has been no significant progress in any Related Action.

**1.     Herndon, Virginia—located within the Eastern District of Virginia— is Home to the Two Principal Defendants.**

In determining the appropriate transferee venue, the Panel often considers whether any defendant is located in the proposed transferee district. *See In re Nissan North America, Inc., Odometer Litigation (NO. II)*, 542 F. Supp. 2d 1367, 1369 (J.P.M.L. 2008) ("*Odometer Litigation*"); *In re Factor VIII or IX Concentrate Blood Products, Prod. Liab. Litig.*, 853 F. Supp. 454, 455 (J.P.M.L. 1993) ("*Concentrate Blood*

*Products*"). In the present case, transfer to the Eastern District of Virginia makes sense because *all* the principal defendants headquartered in the United States are based in the district: Volkswagen Group of America and Audi USA.

Put simply, the Eastern District of Virginia occupies a unique position in this litigation. No other proposed transferee district contains the headquarters of the defendants in this case. For Volkswagen and Audi, the Eastern District of Virginia is their nerve center and the center of their decision-making process.

The Eastern District of Virginia is the logical transferee forum.

**2. The Eastern District of Virginia and Nearby Areas will be the Site of Substantial Discovery.**

The Panel also considers whether significant discovery is likely to occur in the transferee district. *Odometer Litigation*, 542 F. Supp. 2d at 1369; *Concentrate Blood Products*, 853 F. Supp. at 455. Again, this factor favors transfer to the Eastern District of Virginia.

As the United States headquarters of both Volkswagen and Audi, Herndon, Virginia—located within the Eastern District of Virginia—will play a key role in this litigation. The decisions leading to Volkswagen and Audi's installation of the emissions-defeating software most likely occurred at the corporate headquarters, and the decision-makers likely worked there. Plaintiffs in the Related Actions will seek production of relevant documents and the testimony of numerous witnesses from Volkswagen and Audi and these productions and depositions would most conveniently occur in Herndon, Virginia given the fact that both companies are headquartered there. No other district bears this distinction.

Transfer to the Eastern District of Virginia (Alexandria Division) also makes sense in light of the federal government's investigation of Volkswagen and Audi based on the same conduct as the Related Actions. The federal investigation is based out of Washington D.C., just across the Potomac River from Alexandria and very close to Defendants' headquarters in Herndon.

A further reason for transfer to the Eastern District of Virginia is that the study that brought to light Volkswagen and Audi's circumvention of emissions standards was conducted at West Virginia University, located in Morgantown, West Virginia. Daniel Carder, the leader of the study, and other participants reside and work in Morgantown, which is roughly 200 miles from Alexandria.

In light of the location of Defendants and the principal locations for discovery, the Eastern District of Virginia (Alexandria Division) is the most logical center for the parties, documents, and witnesses relevant to this case, making the district the appropriate transferee forum. *See In re RadioShack Corp. "ERISA" Litigation*, 528 F. Supp. 2d 1348, 1349 (J.P.M.L. 2007) (transferring and consolidating cases in the Northern District of Texas, noting that the defendant was headquartered in the district and documents and witnesses would likely be found there); *In re UICI "Ass'n Group" Ins. Litigation*, 305 F. Supp. 2d 1360, 1362 (J.P.M.L. 2004) (transferring and consolidating actions in the Northern District of Texas because "the location of . . . defendant's headquarters within the Northern District of Texas implies that relevant witnesses and documents are likely to be found there").

Finally, the Eastern District of Virginia lies across the Potomac from the District of Columbia, where the federal government's ongoing investigation is centered.

Transferring the Related Actions to Alexandria, Virginia, may provide opportunities to coordinate discovery with the ongoing federal investigation.

### 3. Alexandria Is the Most Convenient Location for All Parties and Their Counsel.

The Panel should also consider whether the proposed transferee court is geographically convenient for the parties and counsel. *See In re: Sigg Switzerland (USA), Inc., Aluminum Bottles Marketing and Sales Practices Litigation*, 682 F. Supp. 2d 1347, 1349 (J.P.M.L. 2010) (considering geographic location of proposed transferee venue for nationwide class actions). In this case, the Eastern District of Virginia is convenient for all parties.

First, as noted above, the Eastern District of Virginia (Alexandria Division) is the most convenient for the defendants because they reside in the District.

Second, as for parties, witnesses, and counsel not based in the Eastern District of Virginia, the district is easily accessible from cities across the United States and the world. For example, Ronald Regan Washington National Airport is located approximately five miles from the Alexandria Division's courthouse. Dulles International is located approximately 30 miles from the courthouse. The airports are accessible from all major domestic and international cites, and airlines provide numerous direct flights daily into Washington D.C. Nor will there be any concerns about lodging. There are multiple hotels within walking distance or a short car ride of the courthouse.

### 4. The Eastern District of Virginia Has Sufficient Resources to Manage the Case.

The Eastern District of Virginia (Alexandria Division) has the capacity to efficiently manage the pretrial proceedings in the Related Actions. *In re: Lending Tree,*

*LLC, Customer Data Security Breach Litigation*, 581 F. Supp. 2d 1367, 1368 (J.P.M.L. 2008) (considering the capacity of the proposed transferee district and the fact that it had been under-utilized as a transferee district); *In re Nifedipine Antitrust Litig.*, 266 F. Supp. 2d 1382, 1382-83 (J.P.M.L. 2003) (centralizing antitrust cases in a district whose docket is "well suited for the expeditious handling of this litigation").

In transferring the *In re: Lumber Liquidators Holding Chinese-Manufactured Flooring Products Marketing, Sales Practices and Products Liability Litigation*, to the Eastern District of Virginia, the Panel recognized that the District has the capacity to efficiently manage a nationwide MDL. (*See* MDL No. 2627, Doc. 313). The Panel noted that the Eastern District of Virginia is "a district to which we have transferred relatively few MDLs." (*Id.* at 2). Indeed, as of September 15, 2015, there was only one pending MDL in the district, making it particularly appropriate for transfer of the Related Actions.

Perhaps the most significant measure of the efficiency of a transferee district is the time it takes to move its cases to disposition or trial. The Eastern District of Virginia stands out among every district in this regard. No other district has a shorter time from filing to trial. (*See* Table C-5, U.S. District Courts – Median Time Intervals From Filing to Disposition of Civil Cases, Ex. 1). The Panel has rejected arguments that the "speed of the district's 'Rocket Docket'" renders it unsuitable to large MDLs. (*See* MDL No. 2627, Doc. 313 at 2).

Given the district's light MDL caseload and the efficiency with which it disposes of cases, the Eastern District of Virginia is the most appropriate venue to transfer the Related Actions.

5.     **Judge Liam O'Grady Is Well Suited for this Case.**

Judge Liam O'Grady is currently presiding over the Alexandria Plaintiffs' case in Eastern District of Virginia.  Judge O'Grady has served on the Eastern District of Virginia bench for nearly a decade. He is well suited to manage a case of this magnitude and complexity.

### 6. Existence and Relative Progress of Other Pending Litigation.

Other factors to be considered include the existence and progress of any related pending litigation, including whether any judge has become particularly familiar with the claims at issue. Here, the Related Actions were all filed within days of each other. Consequently, no action has significantly progressed, and no judge has gained any significant experience with any of the Related Actions.

### III.  CONCLUSION

The Eastern District of Virginia (Alexandria Division) is the most appropriate district for transfer and consolidation of the Related Actions. Accordingly, the Alexandria Plaintiffs respectfully request that the Panel transfer the Related Actions, and any future cases, to the United States District Court for the Eastern District of Virginia (Alexandria Division) for consolidation or coordination of pretrial proceedings.

Dated: September 25, 2015

Respectfully submitted,

By: /s/ *Warren T. Burns*
Warren T. Burns
State Bar No. 24053119
BURNS CHAREST LLP
500 North Akard Street, Suite 2810
Dallas, Texas 75201
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
wburns@burnscharest.com

11