BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | MDL NO. 2672<br><br>*Stricklin, et al. v. Volkswagen Group of America, Inc., et al.*<br>Case No. 2:15-cv-7431-DSF-PJW<br>(C.D. Cal. September 22, 2015) |

**RESPONSE OF IRIS STRICKLIN, ET AL., IN SUPPORT OF THE MOTION FOR TRANSFER OF ACTIONS TO THE CENTRAL DISTRICT OF CALIFORNIA**

**I.    INTRODUCTION**

On September 22, 2015, Iris Stricklin, Daler Rakhmet-Zade, Lori Gottlieb, Amy Cock, Sarah Greenwald, and Michelle Manning (collectively, the "Stricklin Plaintiffs") filed a class action complaint in the United States District Court for the Central District of California, *Stricklin, et al. v. Volkswagen Group of America, Inc., et al.*, Case No. 2:15-cv-7431, alleging that Defendants installed an illegal "defeat device" in the engines of Volkswagen and Audi "Clean Diesel" vehicles in order to cheat clean air tests.[1]   The Stricklin Plaintiffs are owners and lessees of the affected vehicles, all of which were outfitted by Volkswagen with a secret, illegal defeat

---

[1] References to the Complaint pertain to *Stricklin, et al., v. Volkswagen Group of America, Inc., et al.*, Case No. 2:15-cv-7431 (C.D. Cal. Sept. 22, 2015) (the "Stricklin Complaint").

device intended to aid Volkswagen in its circumvention of state and federal emissions standards. As Volkswagen has now admitted, these purportedly compliant vehicles polluted the environment with harmful gases and particulates, up to *forty times* permitted amounts.

Pursuant to 28 U.S.C. § 1407, the Stricklin Plaintiffs submit this Response in support of transfer and consolidation of the Volkswagen "Clean Diesel" actions to a single district for coordinated pretrial proceedings. Specifically, this Response is made to the Motion filed by Plaintiff Christopher J. D'Angelo (the "Transfer Motion") seeking consolidated or coordinated pretrial proceedings in the U.S. District Court for Central District of California pursuant to 28 U.S.C. § 1407. *See* Exhibit A.

Plaintiffs respectfully submit that consolidation is appropriate and that the Central District of California is the most appropriate transferee forum for these actions for the reasons discussed in the Transfer Motion and the additional grounds detailed below. First, the Volkswagen "Clean Diesel" actions clearly meet the standards for transfer and coordination under 28 U.S.C. § 1407. Among other things, in the last week alone, more than one hundred and fifty lawsuits have been filed across the nation seeking compensation for Volkswagen's deceptive marketing and sales practices for vehicles equipped with the company's "Clean Diesel" TDI engines. Second, the Central District of California is the most logical and convenient transferee forum for these actions. The Central District of California is highly experienced in handling complex automotive defect litigation (including involving foreign automakers); more Volkswagen "Clean Diesel" actions have been filed in the Central District of California than in any other jurisdiction; the Central District of California has a strong connection to the underlying facts; Volkswagen maintains numerous facilities and does substantial business in the Central District of California; and the Central District of California is convenient for many of the parties and witnesses.

## II. THE VOLKSWAGEN "CLEAN DIESEL" ACTIONS SHOULD BE TRANSFERRED AND COORDINATED PURSUANT TO 28 U.S.C. § 1407

28 U.S.C. § 1407 provides for transfer of actions to one district for coordinated or consolidated pretrial proceedings where: 1) actions pending in different districts "involve one or more common questions of fact"; 2) transfer "will be for the convenience of parties and witnesses"; and 3) transfer "will promote the just and efficient conduct of such actions." *Id.* Here, transfer pursuant to 28 U.S.C. § 1407 is particularly appropriate.

As of September 29, 2015, there are over 150 actions filed in various courts across the nation against Volkswagen by or on behalf of consumers who own or lease Volkswagen vehicles equipped with "Clean Diesel" engines containing the surreptitious "defeat device" software. All of these cases share a common core of operative factual allegations: that Volkswagen deliberately installed a defeat device in the engines of its "Clean Diesel" vehicles, and mispresented the fuel efficiency, emissions, and performance of these cars. Consolidated pretrial treatment under § 1407 will also assist the parties and the Court in achieving just and efficient outcome of these actions, and will serve the convenience of the parties and witnesses. As set forth in the Transfer Motion, these factors weigh strongly in favor of transfer and consolidation of the Volkswagen "Clean Diesel" Actions. The Stricklin Plaintiffs respectfully submit that these factors are satisfied.

## III. THE CENTRAL DISTRICT OF CALIFORNIA IS THE APPROPRIATE TRANSFEREE FORUM FOR THESE ACTIONS

The Central District of California is the most appropriate transferee forum for holding pretrial proceedings in the Volkswagen "Clean Diesel" actions. The Central District of California is the forum that has the greatest number of pending cases. Given the high number of cases already filed there, it is reasonable to assume that plaintiffs will continue to file there, making it a convenient forum for the parties. In addition, the Central District of California is highly experienced handling complex automotive defect litigation, including high-profile actions

involving major foreign automobile manufacturers and distributors such as Toyota, Hyundai, and Kia. *See, e.g.*, *In re: Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, and Prods. Liab. Litig.*, No. 10-ml-02151 (C.D. Cal.); *In re Hyundai & Kia Fuel Econ. Litig.*, No. 13-MD-2424 (C.D. Cal.); *Joann Anderson, et al. v. Hyundai Motor Co. Ltd., et al.*, No. 8:13-cv-01842 (C.D. Cal.); and *Constance Sims, et al. v Kia Motors Am. Inc., et al.*, No. 8:13-cv-01791 (C.D. Cal.).

Furthermore, there is a nexus between Volkswagen's deception and the Central District of California, as the defeat device was allegedly perfected at a Volkswagen test center in this District, and first investigated by regulators in this District. Moreover, Volkswagen conducts substantial business in the Central District of California, measured in terms of both physical presence and sales volume, thus further reinforcing the significant connection between the Central District of California and the underlying conduct forming the basis for these actions. Finally, the Central District of California is a convenient location for all parties and witnesses in these Volkswagen "Clean Diesel" actions given its close proximity to several major international airports, and extensive hotels and availableoffice and warehouse space.

### A. More Volkswagen "Clean Diesel" Actions Have Been Filed In Central District Of California Than Any Other Jurisdiction

In determining the appropriate transferee district, this Panel considers whether other actions have been filed in a district. *See In re Capital One Bank Credit Card Terms Litig.*, 201 F. Supp. 2d 1377 (J.P.M.L. 2002). To date, there are approximately 27 class action lawsuits against Volkswagen pending in the Central District of California, more than in any other federal judicial district. These cases all make similar allegations against Volkswagen stemming from its illegal and deceptive use of a defeat device in the engines of its "Clean Diesel" vehicles. Brought on behalf of cheated consumers in every state in the nation and the District of Columbia, and owners

and lessees of every Volkswagen and Audi car model affected by the defeat device, these actions bring a variety of similar claims against Volkswagen, based on multiple common factual allegations. These plaintiffs chose to file their actions in the Central District of California, regardless of where they reside. In contrast, there are 18 class actions filed in the District of New Jersey, and only 7 class actions filed in the Eastern District of Virginia. As the Central District of California is the chosen venue of the substantial majority of the plaintiffs in the Volkswagen "Clean Diesel" actions, transfer and consolidation there is ideal.

### B. This District Has A Strong Connection To The Scandal

Transfer and consolidation to a district is also appropriate where the district has a nexus to the underlying facts in the actions. *See In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, 398 F. Supp. 2d 1371, 1372 (J.P.M.L. 2005). California, and the Central District of California in particular, has a strong interest in presiding over these actions. California has enacted the strictest emissions standards in the nation, which have been adopted by numerous other states and which Volkswagen sought to evade through the use of its defeat device. Complaint ¶ 36. In addition, the California Air Resources Board ("CARB") was instrumental in bringing this emissions cheating scandal to light. Its nearly year-long investigation into the discrepancy between lab testing and on-road testing of Volkswagen's "Clean Diesel" vehicles led to Volkswagen finally admitting the truth about its deliberate misconduct.

In determining the appropriate transferee district, the Panel considers where significant discovery is likely to occur. *In re Nissan North America, Inc., Odometer Litig.*, 542 F. Supp. 2d 1367, 1369 (J.P.M.L. 2008). Here, the investigation into the compliance of Volkswagen's "Clean Diesel" vehicles was conducted chiefly from the CARB offices in El Monte, California, located in the Central District of California. Throughout the investigation, CARB officials had repeated

contact with Volkswagen officials. In correspondence with CARB officials in El Monte, Volkswagen continued to perpetuate falsities, and maintained that the high on-road emissions were due to a software or technical error, or unexpected in-use conditions. Complaint ¶ 72. Despite Volkswagen's assurances, CARB continued to test Volkswagen cars, both in on-road conditions and in the laboratory. Complaint ¶ 74. Notably, the laboratory testing of the Volkswagen cars took place at CARB's El Monte facilities, located within the Central District of California. CARB's own studies resulted in "uncontrolled NOx emissions" that were not in compliance with California and EPA standards. Complaint ¶ 74. When confronted by CARB with the results of its study, Volkswagen officials participated in a meeting with CARB officials at the CARB El Monte facility on September 3, 2015 – their 10th such meeting – in which they admitted the deception. Complaint ¶76.

Here, witnesses and documents central to this case are likely located within the Central District of California at the CARB El Monte facilities, a factor weighing in favor of consolidation and transfer to the Central District of California. *See Nissan*, 542 F. Supp. 2d at 1369 (transfer to Middle District of Tennessee because "several parties anticipate that relevant discovery will be found there.").

Further, the Central District of California is home to a major Volkswagen facility responsible for ensuring the vehicles' compliance with governmental regulations. The Volkswagen Test Center California ("TCC"), located within the Central District of California in Oxnard, California, is described by the Company as such: "[T]he largest technical center of its kind for the Volkswagen Group outside of Germany, the TCC plays a pivotal role in the product development food chain, acting as the final stop for many products before they are approved for production. Work at the TCC is focused on powertrain product development, governmental

compliance and field quality testing. The TCC has more than 50 engineers and technology experts working in a 65,500-square-foot LEED-certified facility."[2]  In fact, Volkswagen has touted the TCC as "the Group's only emission test laboratory in North America."[3]  As this case concerns Volkswagen's deception regarding emissions and blatant cheating on emissions standards tests, witnesses and documents relevant to the action are likely to be found at the TCC, which further supports transfer to the Central District of California.  *See In re Guidant*, 398 F. Supp. 2d at 1372 (J.P.M.L. 2005) (transfer to a district because it "has a nexus to this docket given the location there of key Guidant facilities involved in the development and manufacturing of the relevant devices").

### C. Volkswagen Conducts Significant Business In California

Finally, Volkswagen conducts a substantial amount of business in the Central District of California.  In addition to the TCC, the Central District of California is home to a Volkswagen Design Center (Santa Monica, California), a Parts Distribution Center (Ontario, California), and Western Regional Headquarters (Westlake Village, California).

Moreover, the scandal has had a significant impact on California consumers, as Californians own 14 percent of the affected vehicles in the United States, more than any other state.[4]  In total, this amounts to approximately 75,000 affected vehicles, which have been rendered essentially worthless, as they are considered "non-compliant" in California and cannot be resold.  Volkswagen also derives more revenues from sales to California residents than any other state.

---

[2] Volkswagen Group of America 2013 Corporate Social Responsibility Report, *available at* http://www.volkswagengroupamerica.com/documents/VWGOA_CSR_Report_FINAL_2013.pdf

[3] *Id.*

[4] Mark Glover, *Price to pay in Volkswagen Diesel Emissions Scandal: Billions of Dollars, Loss of Public Trust*, The Sacramento Bee (Sept. 24, 2014), *available at* http://www.sacbee.com/news/business/article36484947.html.

### D.      California Is Convenient To Parties And Witnesses

Finally, the Central District of California is an appropriate geographical choice for this action. It is located in close proximity to a number of major and international airports, including Los Angeles International Airport and John Wayne Airport in Orange County, ensuring that the parties and witnesses can litigate the action conveniently. Los Angeles International Airport is one of the busiest airports in the world and the second busiest in the United States, serving 88 airlines and offering 692 daily flights to 85 domestic cities and 928 weekly nonstop flights to 67 cities in 34 countries on 59 passenger air carriers, including nonstop flights to and from Germany.[5] The courts of the Central District of California are also in close proximity to a wide variety of hotels and available office space and warehouses, adding to the convenience of the parties and witnesses involved in these actions.[6]

### IV.     CONCLUSION

For the reasons described above, the Stricklin Plaintiffs respectfully submit that the Volkswagen "Clean Diesel" actions should be consolidated and transferred to the Central District

---

[5] *See* http://www.lawa.org/welcome_LAX.aspx?id=40.

[6]   *See, e.g.*,   www.discoverlosangeles.com/tourism/research;   www.visittheoc.com/hotels; www.officespace.com/los-angeles-ca; www.officespace.com/orange-county-ca.

of California for pretrial proceedings pursuant to 28 U.S.C. § 1407.

Dated: September 30, 2015            Respectfully submitted,

                                                 BERNSTEIN LITOWITZ BERGER
                                                     & GROSSMANN LLP

/s/ Benjamin Galdston
BENJAMIN GALDSTON

BLAIR A. NICHOLAS
BlairN@blbglaw.com
BENJAMIN GALDSTON
BenG@blbglaw.com
DAVID R. KAPLAN
DavidK@blbglaw.com
LUCAS E. GILMORE
Lucas.Gilmore@blbglaw.com
RACHEL FELONG
Rachel.Felong@blbglaw.com
BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:  (858) 793-0323

Counsel for Plaintiffs and the Proposed Classes