**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL NO. 2672 |
| This Document Relates to: | |
| ALL CASES | |

**INTERESTED PARTY RESPONSE TO MOTIONS TO TRANSFER AND**
**CONSOLIDATE ACTIONS AND REQUEST TO CONSOLIDATE CASES IN THE U.S.**
**DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

On September 23, 2015, Plaintiff Christopher J. D'Angelo filed before the United States Judicial Panel on Multidistrict Litigation (hereinafter "JPML"), a Notice of Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407, seeking transfer of all cases regarding Volkswagen "Clean Diesel" Liability to the United States District Court for the Central District of California (Dkt. No. 1).

Furthermore, on September 25, 2015, Plaintiffs Peter Brewitt, Amy M. Thomas, Ronald Sekul, and Tom Assaf Abdalla (collectively, hereinafter the "Alexandria Plaintiffs") filed before the JPML a second motion to transfer the related actions.  The Alexandria Plaintiffs are seeking to transfer all actions to the Eastern District of Virginia, Alexandria Division (Dkt. No. 10).

Additionally, on September 27, 2015, a third motion to transfer was filed before the JPML by Plaintiff Holly Harris seeking transfer of all cases regarding Volkswagen "Clean

Diesel" Marketing, Sales Practices, And Products Liability Litigation to the Southern District of Texas (Dkt. No. 13).

Here now before this panel, and pursuant to 28 U.S.C. § 1407 and Rule 7.2(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Plaintiffs and Interested Parties MATTHEW W. SMITH and BERNADETTE MEYLER (hereinafter, "Plaintiffs") hereby respectfully submit this response to the Motion for Transfer, agree that consolidation and transfer is appropriate, and submit that all currently filed cases identified in the Schedule of Actions (hereinafter "Actions") (Dkt. No. 26), as well as any cases subsequently filed involving similar facts or claims (hereinafter "Tag-Along Actions") (collectively, "Related Actions"), be transferred to the **United States District Court for the Northern District of California (hereinafter, "Northern District of California"), as the Northern District of California** would be the most appropriate venue for these cases.[1]

I.       **Preliminary Statement**

This litigation arises from Volkswagen's admission that it intentionally manipulated its vehicles' emissions systems in Volkswagen and Audi diesel vehicles for model years 2009 through 2015 by installing so-called "defeat devices" designed to evade mandatory periodic state emissions testing.  The defendants misled consumers into purchasing certain allegedly "clean diesel" automobiles (hereinafter "VW Clean Diesel Vehicles") based on false and misleading representations that these vehicles are better for the environment and more fuel efficient and powerful than other vehicles.  The actions seek to ensure that all owners of these vehicles are

---

[1]       Plaintiffs are plaintiffs in the following action filed in the US District Court, Northern District of California:  *Smith et al v. Volkswagen Group of America, Inc. et al.*, Case No. 5:15-cv-04403 filed September 25, 2015.

INTERESTED PARTY RESPONSE TO MOTIONS TO TRANSFER AND                    2
CONSOLIDATE ACTIONS AND REQUEST TO CONSOLIDATE CASES IN THE
U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA;
MDL NO.  2672

compensated by the refund of their purchase price or for the diminished value of their vehicles as a result of defendants' conduct, as well as to obtain other relief.

## II.     The "Clean Diesel" Misrepresentation Cases Should Be Consolidated and Centralized In a Single Forum

More than sixty-five cases have been filed in this multidistrict litigation against Volkswagen entities arising out of the emissions manipulation and misrepresentations. Others are likely to follow.  These cases, as well as any other Tag-Along Actions, should be consolidated and centralized in a single forum.

Consolidation will conserve judicial resources, avoid inconsistent rulings, promote convenience for the parties and witnesses, and minimize duplication of motion practice and discovery. Pursuant to 28 U.S.C. § 1407(a), the member cases are "civil actions involving one or more common questions of fact," including:

- Whether Volkswagen misrepresented the environmental friendliness, emission standards compliance and credentials, fuel efficiency and/or performance of the VW Clean Diesel Vehicles;

- Whether Volkswagen misrepresented the emissions levels, fuel efficiency and/or performance that the VW Clean Diesel Vehicles could achieve under normal driving conditions;

- Whether Volkswagen publicized and advertised the environmental friendliness, fuel emission compliance, fuel efficiency and/or performance of the VW Clean Diesel Vehicles;

---

- Whether Volkswagen's publicity and advertising regarding the environmental friendliness, fuel emission compliance, fuel efficiency and/or performance of the VW Clean Diesel Vehicles was misleading;

- Whether Volkswagen has engaged in unlawful, unfair or fraudulent business practices under different state laws;

- Whether Volkswagen breached express and/or implied warranties;

- Whether Plaintiffs and the members of the class are entitled to equitable or injunctive relief; and

- Whether Plaintiffs and the members of the Class are entitled to damages based upon the refund of their purchase price or diminution of value of their vehicles.

Having these issues considered by a single court will prevent inconsistent results and "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a).

III.    **Consolidation and Transfer to the Northern District of California Achieves the Goals of the MDL**

The pending cases and any Related Actions should be centralized and transferred to the Northern District of California.  The first filed case was assigned to the Honorable Phyllis Hamilton.  She is the Chief Judge of the District.  The second filed case was assigned to the Honorable Beth Labson Freeman who is assigned to the San Jose Courthouse.  The instant plaintiffs' case was preliminarily assigned to a Magistrate Judge, Nathanael Cousins, at the time of filing.  Under 28 U.S.C. § 1407, transfers are utilized to promote the "convenience of parties and witnesses and . . . promote the just and efficient conduct of such actions." 28 U.S.C. § 1407 (a).  Here, to further the statutory goals, the numerous cases pending throughout the country should be transferred to the Northern District of California.

A.       **Northern District of California**

Volkswagen maintains and operates its **Electronics Research Laboratory in Belmont, California**, which is located within the Northern District of California. The Volkswagen Electronic Research Laboratory (hereinafter, "VERL") is located at 500 Clipper Drive, Belmont, CA, 94002.   VERL is part of the global research and development network that supports Defendants' brands including, Audi, Bentley, Bugatti, Lamborghini and Volkswagen.   The VERL is a subsidiary of the Volkswagen Group of America, Inc., which is a wholly owned subsidiary of Volkswagen AG.

The research and innovation by Volkswagen through VERL and other labs was but one part of Volkswagen's plan.    Indeed, as revealed by Volkswagen's EU Group's promotional brochures touting its Global Research activities, VERL in Belmont appears to have been a focal point of the scheme to conceal the fact that certain models of their diesel vehicles emitted pollutants which vastly exceeded the legal limit.   (*See* Exhibit 1)   In addition, as part of its business plan to increase sales and market share, Volkswagen increased its emphasis on diesel cars and engaged in an extensive marketing campaign to sell more cars in the United States, including California.

- The VERL was touted as Defendant's largest research facility outside of Germany, and takes advantage of its proximity to Silicon Valley to cultivate numerous partnerships to enhance the knowledge of Volkswagen.

- On July 19, 2010, former Volkswagen CEO Martin Winterkorn visited the VERL plant.

- In a January 29, 2015 document, Volkswagen listed the Belmont facility as the **only** United States research lab.  *See* Exhibit 2.

**INTERESTED PARTY RESPONSE TO MOTIONS TO TRANSFER AND CONSOLIDATE ACTIONS AND REQUEST TO CONSOLIDATE CASES IN THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA; MDL NO.  2672**                                                                                         5

- In a June 29, 2015 press release issued from **<u>Belmont, California</u>** regarding test results on alternative fuels, the Executive Director of VERL, Ewald Groessmann emphasized: "Evaluations like this are part of Volkswagen's broader holistic environmental strategy which underscores the company's commitment to the environment by deploying a comprehensive approach which addresses carbon reduction and sustainability at each part of the vehicle lifecycle." These results were released after a two year test conducted in conjunction with two companies, also located in the Northern District of California, to measure the environmental impact from renewable diesel formulas using the 2012 Jetta TDI and the 2012 Passat TDI, both cars are part of the scheme. (<u>Exhibit 1</u>).

Additionally, the Northern District of California has the second largest number of Volkswagen "Clean Diesel" cases pending before it. Of the 65 member cases before this panel, ten are pending in the Northern District of California. *See* <u>Exhibit 3</u>, List of Volkswagen "Clean Diesel" Cases Pending in the Northern District of California.

In addition, the Northern District of California is an appropriate transferee district since there are more Volkswagen dealerships, more Class Vehicles, more Volkswagen owners and lessors, and more consumers harmed in California than in any other state. Experts opine that California is the part of the country which has experienced the most harm from the Volkswagen fraud. (*See* <u>Exhibit 4</u>, *New York Times* article, "How Many Deaths Did Volkswagen's Deception Cause in the U.S.?" by Margot Sanger-Katz and John Schwartz, September 28, 2015.

The Northern District of California is therefore the most appropriate venue for centralization.

/ / /

---

### B.      The Northern District of California has Favorable Docket

The Northern District of California is an appropriate transferee district, because the district has a favorable docket condition for this litigation, has the resources to handle this complex litigation, and is readily accessible to all parties. *See* Manual for Complex Litigation § 20.131 (4th ed. 2009) ("The Panel uses no single factor to select the transferee district, but the Panel does consider where the largest number of cases is pending, where discovery has occurred, where cases have progressed furthest, the site of the occurrence of the common facts, where the cost and inconvenience will be minimized, and the experience, skill, and caseloads of available judges.").

### C.      Convenience of Parties

Additionally, the convenience of the parties and witnesses support transfer to the Northern District of California. The Northern District of California will likely have one of the highest number of owners affected by the "Clean Diesel" scheme and, as such, has one of the largest number of putative class members.  In addition, the Northern District of California is easily accessible to parties and witnesses located nationwide.  Moreover, as noted above, Volkswagen's largest research facility outside of Germany, the VERL is located in the Northern District of California and will likely be a source of a great deal of discovery in these cases.

Furthermore, the Northern District of California is centrally located and accessible to manage the multidistrict proceedings, including accessibility to any additional witnesses and documents that may be located outside California.  Also, expert witnesses and counsel would find the Northern District of California a convenient location for hearings and any possible bellwether trials, with three international airports, San Jose International Airport, Oakland

International Airport and San Francisco International Airport, as gateways to the Northern District of California.

### D.      California State Claims

Finally, many of the Related Actions before the Panel have asserted class claims under California law, including violations of the California Unfair Competition Law, California Business & Professions Code § 17200 *et seq*., California False or Misleading Advertising Law, California Business & Processions Code § 17500 *et seq*., and California Consumer Legal Remedies Act, California Civil Code § 1790 *et seq*.  The Northern District of California is a well-suited forum to adjudicate the claims of the approximately 77,000 putative California class members.

## IV.     <u>The VW Cases Should Not Be Transferred to Any Other Forum</u>

Other proposals for the transfer court have been received by this panel, including the Central District of California, the Eastern District of Virginia, or the Southern District of Texas. However, none of these forums are preferable to the Northern District of California.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**INTERESTED PARTY RESPONSE TO MOTIONS TO TRANSFER AND**
**CONSOLIDATE ACTIONS AND REQUEST TO CONSOLIDATE CASES IN THE**
**U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA;**
**MDL NO.  2672**

## V.      Conclusion

For the reasons described above, Plaintiffs support consolidation of the matters before the Panel and request that the Panel transfer the In RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION to the Northern District of California. The Northern District is particularly well suited to handle the Actions described above, as well as any similar Tag-Along Actions subsequently filed.

Dated:  September 30, 2015                    Respectfully Submitted,

By:      */s/ FRANK M. PITRE*
FRANK M. PITRE, California Bar No. 100077
**COTCHETT PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
E-Mail:  fpitre@cpmlegal.com

*Attorney for Plaintiffs*
*MATTHEW W. SMITH and BERNADETTE*
*MEYLER; and on behalf of all others similarly*
*situated*